USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/13/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MERLYN MORRIS,

                        Plaintiff,

        v.                                              Civil Action No.: 25-cv-5986

NYU GROSSMAN SCHOOL OF MEDICINE,

                        Defendant.

---

## CONFIDENTIALITY STIPULATION
## AND ~~PROPOSED~~ PROTECTIVE ORDER

**WHEREAS**, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.      **Confidential Information.**  "Confidential Information" means any information of any type, kind, or character that is designated as "Confidential" or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. All confidential information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof. Confidential information shall be designated as follows:

        a.      *Confidential Information.*  A party shall designate as "Confidential" only such information that the party in good faith believes in fact is confidential, provided such documents are not public and have not been previously disclosed by the producing party to anyone except those in its employment or those retained by it. Information and documents that may be designated as "Confidential" include, but are not limited to:

                i.      personally identifying information such as social security numbers, financial account numbers, passwords, and information that may be used for identity theft;

     ii.     Protected Health Information ("PHI") under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 300gg, as amended, together with regulations promulgated thereunder, 45 C.F.R. § 164.512(e)(1), such as medical records or other documents identifying a patient or his/her medical conditions or treatment;

     iii.     proprietary business information, including trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, or other business information that is treated as confidential as a matter of routine business;

     iv.     sensitive information that, if not restricted as set forth in this Protective Order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties;

     v.     correspondence and other communications between the parties or with nonparties if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public; or

     vi.     any other category of information this Court subsequently affords confidential status.

     b.     *Attorneys Eyes Only Information*.  The designation "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party, that is of such a private, sensitive, competitive or proprietary nature that present disclosure to the opposing party or parties would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the designating party. The parties shall meet and confer if any production requires a designation of "Attorneys Eyes Only." In the event the parties cannot resolve whether the production requires a designation of "Attorneys Eyes Only," the party seeking the designation shall seek a ruling from the Court resolving the designated status of the disputed information.

     The disclosure of a document or information without designating it as "Confidential" or "Attorney's Eyes Only" shall not constitute a waiver of the right to designate such document or information as confidential information. If so designated, the document or information shall thereafter be treated as confidential nformation subject to all the terms of this Protective Order.

     2.     **Designation of Confidential Information.**  Documents provided in this litigation may be designated by the producing person or by any party as confidential information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Attorneys Eyes Only" as defined in subparagraphs 1(a) and 1(b).

     3.     **Disclosure of Confidential Information.**
     a.     Documents and information designated as "Attorneys Eyes Only" shall not be disclosed to any person, except:

2

  i.    retained counsel for the parties in this litigation and their respective staff;

  ii.   actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation who have been designated in writing by notice to all counsel;

  iii.  this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation; and

  iv.   such other persons as this Court may designate after notice and an opportunity to be heard.

b.    Documents and information designated as "Confidential" shall not be disclosed to any person, except:

  i.    the persons identified in subparagraph 3(a);

  ii.   the party, if a natural person;

  iii.  if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case;

  iv.   litigation vendors, court reporters, and other litigation support personnel;

  v.    any person who was an author, addressee, or intended or authorized recipient of the confidential information and who agrees to keep the information confidential, provided that such persons may see and use the confidential information but not retain a copy; and

  vi.   such other persons as this Court may designate after notice and an opportunity to be heard.

c.    Prior to disclosing or displaying the confidential information to any person, counsel must:

  i.    inform the person of the confidential nature of the information or documents;

  ii.   inform the person that this Court has prohibited the use of the information or documents by him/her for any purpose other than

3

this litigation and has prohibited the disclosure of the information or documents to any other person; and

iii.    require each such person to sign an agreement to be bound by this Protective Order in the form attached as Exhibit A (with the exception of the persons set forth in paragraph 3(a)(iii)).

4.    **Disclosure at Depositions.**  Information disclosed at any deposition may be designated by any party as confidential information by: (a) indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys Eyes Only" and is subject to the provisions of this Protective Order; and/or (b) within 30 days of receipt of the transcript, indicating the specific pages and lines of the transcript that should be treated as "Confidential" or "Attorneys Eyes Only."

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive confidential information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which confidential information is being used or discussed.

5.    **Consent to Disclosure and Use in Examination.**  Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if each party designating the information as confidential information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this Protective Order prevent any counsel of record from utilizing confidential information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the confidential information, irrespective of which party produced such information.

6.    **Unintentional Disclosures of Confidential Information.**  Documents unintentionally produced without designation as confidential information later may be designated and shall be treated as confidential information from the date written notice of the designation is provided to the receiving party.

7.    **Unauthorized Disclosure of Confidential Information.**  If a receiving party learns of any unauthorized disclosure of confidential information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

8.    **Challenging the Designation or Disclosure of Confidential Information.**
a.    A party shall not be obligated to challenge the propriety of a designation of confidential information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party disagrees at any stage of these proceedings with the designation of any information as confidential information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke

4

this Protective Order by objecting in writing to the party who designated the document or information as confidential information. The designating party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain confidential information unless and until the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as confidential information.

9.      **Retention of Confidential Information.**

a.      *Retention of Confidential Information During the Course of Litigation.* The confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the action. Copies of information designated "Attorneys Eyes Only" shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 3(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, shall be maintained only at the office of the receiving party and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing confidential information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

b.      *Return of Documents.*  Upon request of a party, not later than 30 days after conclusion of this litigation and any appeal related to it, any confidential information, all reproductions of such information, and any summaries of such information in the possession of any of the persons specified in paragraph 3(a) and 3(b) (except subparagraph 3(a)(iii)) shall be returned to the producing party or destroyed within 30 days, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any confidential information.

10.      **Ongoing Obligations.**  Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal; and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

11.      **Waiver.**  Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Nothing contained herein is intended to or shall be construed as a waiver by a party or person of

5

its right to object to any discovery request. Nothing contained herein is intended to or shall be construed as a waiver by a party or person of a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

12.    **Modification and Exceptions.**  The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an order of this Court modifying this Protective Order.

13.    **Sealing.**  Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures as set forth in Rule 5 of the Undersigned's Individual Rules of Practice in Civil Cases when filing, or seeking to file, any submission in redacted form or under seal.

14.    Nothing herein shall preclude the parties from disclosing material designated to be confidential information if otherwise required by law or pursuant to a valid subpoena.

15. Nothing herein shall preclude the parties from disclosing material designated to be confidential information if otherwise required by law or pursuant to a valid subpoena, provided that the party receiving the request or subpoena gives written notice to the party that designated the information as "Confidential" as soon as reasonably possible (if at all possible, prior to making such disclosure, and if permitted by the time allowed under the request or subpoena, at least 10 days before any disclosure), and shall seek a protective order or confidential treatment of such information.

**SO STIPULATED AND AGREED.**

Dated: March 11, 2026
        New York, New York


_/s/ Catherine E. Anderson_          _/s/ Jennifer L. Gonzalez____
Counsel for Plaintiff                Counsel for Defendant


**SO ORDERED.**

_Valerie Caproni_____          Dated:    3/13/2026
HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT COURT JUDGE

6

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

MERLYN MORRIS,

                              Plaintiff,

        v.                                                    Civil Action No.: 25-cv-5986

NYU GROSSMAN SCHOOL OF MEDICINE,

                              Defendant.

_____

## NONDISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand

the Protective Order in this action governing the non-disclosure of those portions of Confidential

Information that have been designated as "Confidential." I agree that I will not disclose such

confidential information to anyone other than for purposes of this litigation and that at the

conclusion of the litigation I will return all confidential information to the party or attorney

from whom I received it. By acknowledging these obligations under the Protective Order, I

understand that I am submitting myself to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for

contempt of court.


Dated: _____, 20___            By: _____
                                                          (Signature)

                                                          _____
                                                          (Name)