USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/2026

GISKAN SOLOTAROFF & ANDERSON LLP
Attorneys at Law

September 24, 2026

**BY ECF**
Honorable Valerie E. Caproni
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

MEMO ENDORSED

Re: *Morris v. NYU Grossman School of Medicine*, 1:25-cv-05986 (VEC) (HJR)

Dear Judge Caproni:

Plaintiff Merlyn Morris and Defendant NYU Grossman School of Medicine write jointly to provide a status report in advance of the court conference scheduled for October 2, 2026, and in accordance with the Court's June 26, 2026 Order, ECF No. 26. This is a disability and age discrimination case. This letter addresses the current status, a request to extend the expert discovery scheduled, an agreed briefing schedule on Plaintiff's motion to amend, ECF No. 27, as well as the parties' joint request for an adjournment of the pretrial conference as a result of the pending proceedings.

## I. Expert Discovery

Fact discovery has been completed, and expert discovery is scheduled to close on September 28, 2026. Plaintiff intends to submit an expert report in support of her lost wage damages within the expert discovery period. The parties have met and conferred and jointly request that the Court so-order the following revised expert discovery schedule: Defendant will have 45 days from receipt of Plaintiff's report to serve any rebuttal expert report. Based on Plaintiff's representation that she intends to serve her expert report on September 28, 2026, Defendant's proposed deadline for serving any rebuttal expert report would be November 12, 2026. Plaintiff would thereafter have 45 days to depose Defendant's rebuttal expert, until December 28, 2026 (46 days because the 45th day falls on a Sunday). This is the parties' second request for an extension of the discovery schedule.

## II. Plaintiff's Motion for Leave to File a First Amended Complaint

On September 17, 2026, Plaintiff moved pursuant to Rule 15(a) to conform the pleadings to the evidence and add NYU Langone Health as a joint or single employer defendant with NYU Grossman School of Medicine based, *inter alia*, on the two related entities sharing one Human Resources department housed within NYU Langone Health. As set forth in Plaintiff's motion, discovery has shown that both NYU Grossman School of Medicine, Plaintiff's former employer, and Human Resources shared responsibility in the decision to terminate Plaintiff and also shared responsibility in accordance with NYU policy to engage in the interactive process to determine

whether a reasonable accommodation would enable Plaintiff to return to work after being placed on notice in the Fall 2021 of Plaintiff's desire and intent to return to work and her need for additional time off in January 2022 for a second scheduled surgery. Neither NYU Grossman School of Medicine nor Human Resources engaged in the interactive process as they were required to do prior to terminating Plaintiff.

Defendant's Position: Defendant intends to oppose Plaintiff's motion to amend on the grounds of futility and prejudice. It will contend, *inter alia*, that NYU Langone Health is not a separate corporation or other legal entity and therefore does not have the capacity to be sued. NYU Langone Health is the business name used by its academic medical center. NYU Grossman School of Medicine was Plaintiff's employer and is the proper named defendant in this case. Moreover, Defendant contends that the proposed amendment is prejudicial because Plaintiff seeks not only to add a new defendant, but also to materially supplement the operative complaint with new factual allegations designed to bolster and contradict her existing claims after the parties have completed fact discovery. This is improper.

Defendant's opposition is currently due on October 1, 2026, and Plaintiff's reply is due on October 8, 2026. The parties have met and conferred and jointly request that the Court so-order the following revised briefing schedule:

- Defendant's Opposition: October 13, 2026
- Plaintiff's Reply: October 20, 2026

**III. Summary Judgment**

Following the close of discovery, Plaintiff intends to move for summary judgment on her claims under the ADA and the New York State and City Human Rights Laws for disability discrimination. Plaintiff is amenable to entering into a stipulation with Defendant to dismiss her age discrimination claim under the ADEA.

Defendant intends to move for summary judgment dismissing all of Plaintiff's claims. The parties are amenable to entering into a stipulation dismissing Plaintiff's age discrimination claim under the ADEA, thereby eliminating the need for summary judgment briefing as to that claim.

## IV. Pretrial Conference

In light of the pending motion to amend and the status of expert discovery, the parties respectfully request that the Court adjourn the pretrial conference currently scheduled for October 2, 2026, and reschedule the conference for a date convenient to the Court following completion of the foregoing proceedings.

Respectfully submitted,

*/s/ Catherine E. Anderson*
Catherine E. Anderson
Giskan Solotaroff & Anderson LLP
1 Rockefeller Plaza, 8th Floor
New York, New York 10020
canderson@gslawny.com

*Counsel for Plaintiff Merlyn Morris*

cc: All counsel of record, via ECF

Application DENIED in part. The parties are ORDERED to appear on **Friday, October 2, 2026**, to discuss next steps in this case, including whether expert discovery should be stayed pending briefing on Plaintiff's motion to amend and/or the parties' anticipated summary judgment motions.

It is further ordered that Defendant's deadline to oppose Plaintiff's motion to amend, Dkt. 27, is ADJOURNED from Thursday, October 1, 2026, to **Tuesday, October 13, 2026**. Plaintiff's deadline to submit any reply in support of her motion to amend is **Tuesday, October 20, 2026**.

SO ORDERED.

Valerie Caproni 9/28/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE