HodgsonRuss LLP
ATTORNEYS

**Jennifer L. Gonzalez**
Of Counsel
716.848.1232
*jgonzalez@hodgsonruss.com*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/24/2026

November 20, 2026

MEMO ENDORSED

***By CM/ECF***

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1930
New York, NY 10007

Re: ***Morris v. NYU Grossman School of Medicine*, Case No. 1:25-cv-05986**
**Defendant's Amended Consent Letter Motion to Seal Plaintiff's Medical Records**

Dear Judge Caproni:

On behalf of Defendant NYU Grossman School of Medicine ("NYUGSOM"), we write to request sealing of a limited number of Plaintiff's medical records that are being filed with NYUGSOM's motion for summary judgment. NYUGSOM seeks to seal the medical records designated as Exhibits E and G to the Declaration of Jennifer L. Gonzalez in support of NYUGSOM's motion for summary judgment. Plaintiff consents to this relief.

This request is made under Rule 5.2(d) of the Federal Rules of Civil Procedure, Rule 5B of your Honor's Individual Rules of Practice, and the Court's Standing Order, 19-mc-00583. The proposed sealing is limited: the records would remain accessible to Plaintiff, the Court and its personnel, and counsel of record, but would be restricted from general public access on the docket.

Plaintiff's records are central to NYUGSOM's motion for summary judgment. Plaintiff's medical records and related information documenting her physical limitations are among the evidence demonstrating that she could not return to work when she claims she was discriminated against. A plaintiff's interest in maintaining the privacy of her medical information may outweigh the presumption of public access to such documents, as addressed below.

## Argument

This Circuit recognizes both a common-law and a First Amendment right of access to certain judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Documents submitted with a summary judgment motion are judicial documents. *See Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). Nevertheless, courts frequently allow medical records to be filed under seal, identifying an individual's privacy interest in medical information as a "compelling countervailing interest." *Deide v. Day*, 2023 WL 8602879, at *1–2 (S.D.N.Y. Dec. 11, 2023). Courts balance the weight of the presumption

against countervailing factors, including individuals' privacy interests in their medical and health information. *Lugosch*, 435 F.3d at 119–20.

Documents may be sealed "if 'specific, on the record findings are made demonstrating that "closure is essential to preserve higher values and is narrowly tailored to serve that interest."'" *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (quoting *Press-Enter. Co. v. Super. Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 13–14 (1986)). Protecting a party's medical privacy may constitute a "higher value" warranting sealing; "there is a recognized privacy interest in medical records." *United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006). Courts in this Circuit routinely sealed medical records without sealing the entire case to protect a plaintiff's privacy interest in those records. *Dabri v. Fed'n of States Med. Bds. of the U.S., Inc.*, 2023 WL 3741978, at *3 (E.D.N.Y. May 31, 2023) (citing *Toolasprashad v. Toolasprashad*, 2021 WL 4949121, at *3 (E.D.N.Y. Oct. 25, 2021) (collecting cases)).

Sealing is appropriate here because of the Plaintiff's privacy interest.

***Exhibit E*** contains information concerning Plaintiff's preexisting medical conditions, prior surgical history, allergies, medications, reported pain, physical examination findings, and limitations in performing ordinary activities. It also includes a detailed surgical report.

***Exhibit G*** contains medical assessments with personal information concerning Plaintiff's functional limitations, daily routines, and disability benefits. The records address medical providers' assessments of her inability to work, whether accommodations would permit her to return, restrictions on activities within her home, and uncertainty concerning her recovery. They also include Plaintiff's medication regimen, self-reported mobility limitations, and the amounts and terms of her disability payments.

Public disclosure of the detailed medical and personal information contained in these exhibits would contribute little to public understanding and potentially intrude upon Plaintiff's medical and personal privacy. Plaintiff's privacy interest therefore outweighs the presumption of access to that information, at least during this stage of the proceedings. Although the records bear on Plaintiff's inability to return to work, unrestricted access to their detailed medical and personal content is unnecessary to understand the issues presented or the Court's resolution of them.

Hodgson Russ LLP ATTORNEYS

**Conclusion**

For the foregoing reasons, NYUGSOM respectfully requests that the Court grant its motion to file Exhibits E and G to the Gonzalez Declaration under seal.

Thank you for the Court's consideration of this request.

Respectfully submitted,

Jennifer L. Gonzalez

Jennifer L. Gonzalez

cc: All counsel of record, via ECF

Application GRANTED. Exhibits E and G to the Gonzalez Declaration will remain under seal. *See* Dkt. 39. The Clerk of Court is respectfully directed to close the sealing motions at Dkts. 37 and 38.

SO ORDERED.

11/24/2026

Valerie Caproni

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE